HERRON, TREASURER, v. KEERAN.

TAXES.—*Promissory Notes and Bonds of Resident of Another State.*—Promissory notes and other choses in action, placed in the hands of an attorney in this State for collection simply, and municipal bonds, placed temporarily on deposit in a bank in this State, merely for safe-keeping, and belonging to a *bona fide* resident of another State, are not liable to taxation.

SAME.—*Traveller or Visitor.*—Such property, belonging to, and in the possession of, a resident of another State, who is travelling through, or temporarily sojourning in, this State, are not liable to taxation.

From the Montgomery Circuit Court.

*L. Wallace* and *G. D. Hurley*, for appellant.

*P. S. Kennedy* and *W. T. Brush*, for appellee.

PERKINS, J.—This was an action by the appellee, against the appellant.

It is alleged in the complaint, that the defendant is the treasurer of Montgomery county; that, in the year 1873, the plaintiff had a large amount of personal property temporarily in that county, consisting of promissory notes, accounts and stocks; that at that time he was a resident and citizen of the State of Iowa, and, therefore, not subject to taxation in Indiana; that, while he was so a citizen of Iowa, the assessor of Union township in Montgomery county, assessed said personal property to the amount of one hundred dollars; that the auditor of said county placed said amount on the tax duplicate, and the same is now in the hands of said de-

fendant, as such treasurer, for collection; that the defendant has levied upon, and is now threatening to sell, the property of the plaintiff, to make the amount of said tax.

Prayer for injunction, etc.

The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was overruled.

The defendant answered in three paragraphs.

The first was a general denial.

The second alleged, that the plaintiff, for a long time prior to his removal to the State of Iowa, had been a resident of said Union township in Montgomery county, Indiana, and then held and owned the property in the complaint alleged to have been seized; that he removed to Iowa after the assessment of said property for taxation therein for the year 1873 had been duly and fully perfected, and it was too late for said property to be subjected to taxation in that State for that year; that said property had not been taxed for that year in that State when it was taxed here; that the plaintiff did not take said property with him out of the State when he removed to Iowa, and the same has not been since out of this State.

The third averred, that the property seized consists of four thousand dollars deposited in bank in Crawfordsville, and three thousand dollars in notes and accounts in the hands of attorneys for collection; that the said notes and accounts were in the hands of said parties, and the bonds in the said bank, when they were assessed for taxation, and when they were levied upon; that the plaintiff was notified of the assessment of said property before the assessor returned the assessment to the auditor, and yet he did not appear before the auditor and make affidavit, or adduce evidence of any kind whatever, to satisfy said auditor that he had paid a tax on said property for the current year 1873 in Iowa, or in any other State; where-

fore the auditor duly turned said assessment over to the defendant, in the duplicate of taxes, in the month of October, 1873; that the plaintiff wholly failed and refused to pay the tax so assessed upon said property, and defendant, as in duty bound, seized said property according to law.

A demurrer to the third paragraph of the answer, on the ground that it did not state facts sufficient to constitute a defence to the action, was filed by the plaintiff and sustained by the court.

Reply in denial; trial by the court, and finding for the plaintiff.

Motion by the defendant for a new trial overruled.

Judgment.

The following is the evidence given upon the trial of the cause:

John Keeran testified thus: "I left Crawfordsville for Iowa on the 5th day of February, 1873, and took up my residence there on the 10th of February of the same year; the assessment was made in June, 1873. The property assessed consists of city bonds and promissory notes and accounts."

On cross-examination, the witness said: "Before going to Iowa to reside, I had been a resident of Union township, Montgomery county, Indiana, for about thirty-five years; I owned the property and held it before going to Iowa; the property under levy consists of bonds of the city of Crawfordsville to the amount of four thousand dollars, and promissory notes and accounts amounting to a little over two thousand; when I went to Iowa, I left the bonds in Crawfordsville for safe-keeping, there being no bank or place of safe deposit in Strawberry, the place I went to reside in; I left the bonds with Elston & Son, bankers, in Crawfordsville, sealed up; the promissory notes and accounts I left with Messrs. Kennedy & Brush, attorneys, for collection; I stayed in Iowa until April 1st; on the 3d of April next, I went back and stayed till

March, 1874; I reside there now; the bonds I took with me to Iowa the last time I went back; the promissory notes and accounts I left in Crawfordsville; brought the bonds back with me when I came back to Crawfordsville in March; collected the coupons, and took bonds with me upon my return to Iowa, but brought them to Indiana again on the 1st of August last; the bonds and notes. were in this county when assessed for taxation."

And this was all the evidence given in the cause.

The court refused to allow evidence that the said John Keeran had said that the bonds and notes were not taxed in Iowa, in 1873, to which refusal of the court exception. was reserved.

Appeal.

Errors are assigned as follows:

1.   Overruling the demurrer to the complaint;

2.   Sustaining the demurrer to the third paragraph of the answer; and,

3.   Overruling the motion for a new trial.

The fourth and fifth assignments are only grounds for a motion for a new trial, and, in this connection, present no question for decision.

The main question in the case is, whether the appellant was liable to pay taxes on the property mentioned,. in the hands of his agents, for the year 1873, in Indiana.

The statute of this State providing for the taxation of property declares, that "all personal property within this State, owned by persons not residing within this. State, subject to the exceptions hereinafter stated, shall be subject to taxation." No exception embraces the property taxed in this case. The exceptions are of property of the United States, churches, etc. 1 R. S. 1876, p. 73. The statute defines personal property as including all moneys on hand or on deposit, all money at interest, all bonds or stocks, "and all other credits or investments," etc. 1 R. S. 1876, p. 73, sec. 5. The definition includes the

property, the collection of the tax upon which is sought to be enjoined in this suit.

The property was within this State, though the owner resided without it, and the statute of the State expressly authorized the taxation of such property. But the statute can not be taken in its broadest sense. There must be a restriction, a limitation upon its literal meaning, by construction. Otherwise, the bills, notes and bonds in the possession of a temporary visitor in the State, in fact, those in possession of a traveller passing through it, might be taxable in it. They would be within the State, and come within the letter of the statute. But such could not have been the intention of the Legislature. It is the general rule of law, that the domicile of the owner is the place where, by a legal fiction, his personal property is regarded as having its *situs*, and where it is to be taxed. *Commonwealth* v. *Ches. & Ohio R. R. Co.*, 27 Grat. 444. But this rule is now departed from in most States, as to chattels having a permanent *situs* in a State other than that of the residence of the owner. *Ricman* v. *Shepard*, 27 Ind. 288; Burroughs Taxation, 41. And the same departure has been taken in regard to notes and evidences of debt in the hands of an agent of the owner who resides in another State or country, which notes are taken for money loaned, and held for renewal or collection, with the view of reloaning the money by the agent in the same State, the business being permanent in the hands of the agent. Burroughs Taxation, 44, *et seq.*, where the cases of this class are collected; *The People* v. *The Board of Trustees, etc.*, 48 N. Y. 390.

But such is not the case in judgment. Here, the notes and accounts in the hands of the attorneys were left with them simply for collection and the remission of the moneys collected to the owner in the State of his residence; and the bonds, on the change of his residence, were temporarily left for safe-keeping, not permanently to be used in this State.

It is not necessary, therefore, in the case before us, that we should express an opinion upon the correctness of the decisions holding that choses in action may, under certain circumstances, be taxed in a State other than that of the domicile of the owner. *DePauw* v. *The City of New Albany*, 22 Ind. 204; *The City of New Albany* v. *Meekin*, 3 Ind. 481; *The City of Evansville* v. *Hall*, 14 Ind. 27; *Conwell* v. *Town of Connersville*, 15 Ind. 150; *Boyer* v. *Jones*, 14 Ind. 354.

Those cases all hold, that such property can not be so taxed, unless it has acquired what we may denominate a business *situs*, in a State other than that of the residence of the owner. The property in the present case had acquired no such *situs*. It had not been left in this State to be invested by an agent here, with some degree of permanency, in business.

We have found no case that would support us in reversing the judgment below, nor do we discover any principle that could justify us in deciding the property in question taxable in this State.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.