# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1883, IN THE SIXTY-SEVENTH
YEAR OF THE STATE.

No. 7058.

THE STANDARD OIL COMPANY *v.* BACHELOR, TREASURER.

TAXATION.—*Personal Property of Non-Resident.*— *Situs.*—*In Transitu.*—*Cases Doubted.*—The personal property of a non-resident of this State, at a railroad station, and awaiting shipment to the residence of the owner, has no permanent *situs* here, and is not taxable in this State. *Powell* v. *City of Madison*, 21 Ind. 335, and *Rieman* v. *Shepard*, 27 Ind. 288, doubted.

From the Wells Circuit Court.

*R. S. Taylor* and *S. L. Morris*, for appellant.

*J. S. Dailey* and *L. Mock*, for appellee.

NIBLACK, C. J.—Suit by the Standard Oil Company, a corporation doing business in the city of Cleveland, in the State of Ohio, against Lemuel Bachelor, treasurer of Wells county, in this State, to enjoin the collection of certain taxes. The complaint charged that the plaintiff was engaged in the business of refining and selling coal and kerosene oils, and other products of crude coal oil; that, in aid of its business, and

for its own use, it manufactured, at said city of Cleveland, a great number of barrels from oak staves; that, for the manufacture of such barrels, the plaintiff was accustomed to purchase staves at various points in the States of Ohio, Virginia, Indiana and elsewhere, to be shipped by the most convenient railroads to its yard at Cleveland; that, prior to the first day of April, 1875, and in its ordinary course of business, the plaintiff purchased a lot of staves in the State of Indiana, for shipment and exportation to its place of business at the city of Cleveland, to be used in making barrels, and not for sale, use or enjoyment in this State; that these staves were piled up, as purchased, in the town of Bluffton, in the county of Wells, near the track of the Fort Wayne, Muncie and Cincinnati railroad, so as to be convenient for loading on the cars of that railroad, and were remaining at that place on said 1st day of April, 1875, merely awaiting an opportunity for shipment to Cleveland, as above stated, and for no other purpose whatever; that it was impossible to state how long the identical staves so awaiting shipment at the time named had been owned by the plaintiff, and piled up near the railroad track, as the plaintiff had been constantly purchasing and shipping staves at that point for a year or more previously; that shortly after the said 1st day of April, 1875, the assessor of Wells county listed the staves so piled up for taxation, and placed them on the assessment roll of the county, at the estimated value of $4,900; that such staves were thereupon entered as taxable property upon the tax duplicate of said county for the year 1875, and the sum of $80.36 charged against them as taxes due thereon; that said tax duplicate had been placed in the hands of the defendant, as treasurer of the county, who was threatening to collect the sum thus charged as taxes upon the staves, by levy upon, and sale of, the property of the plaintiff.

A demurrer for want of sufficient facts was sustained to the complaint, and, the plaintiff declining to plead further, final judgment was rendered in favor of the defendant. This appeal raises only the question of the sufficiency of the com-

plaint. It is argued in support of the complaint that the proper inference from the facts charged is that the staves, when listed for taxation, were *in transitu* between the places at which they were purchased in this State and the city of Cleveland, in Ohio, and that hence they had no such *situs* within this State as was necessary to make them taxable property under the law then in force, when rightly construed by the courts.

The third section of the act of December 21st, 1872, concerning the assessment of property (1 R. S. 1876, p. 73), which was in force in 1875, enacted that "All real property within this State, and all personal property owned by persons residing in this State, whether it is in or out of this State, and all personal property within this State, owned by persons not residing within this State, subject to the exceptions hereinafter stated, shall be subject to taxation."

The facts upon which this case rests did not bring it within any of the exceptions referred to in the foregoing section. As regards the taxation of personal property, Burroughs on Taxtion states the rule to be that " Where the owner resides in one State and the property consists of goods and chattels which have an actual *situs* in another State, it is well settled that the owner is not to be taxed at his residence or domicile for property situated in another State. Generally the owner of property is taxed at the place of his residence for all his personal property, but where the property has a visible and tangible existence, not at the domicile of the owner, and is permanently situated at another place, it is liable to taxation at the place of its situation."

After giving some illustrations of the application of this rule, and citing some authorities bearing upon it, that author proceeds to reiterate as follows: " The rule is clear and well settled as to chattels having an actual permanent *situs* in a State different from the owner, that they may be taxed at their *situs*, without reference to the residence of the owner." See pages 40 and 41. This rule is supported either directly or

in general terms by the following cases: *Conley* v. *Chedic,* 7 Nevada, 336; *People* v. *Niles,* 35 Cal. 282; *State* v. *Haight,* 30 N. J. L. 428; *People* v. *Commissioners of Taxes,* 23 N. Y. 224; *Powell* v. *City of Madison,* 21 Ind. 335; *Rieman* v. *Shepard,* 27 Ind. 288; *Herron* v. *Keeran,* 59 Ind. 472 (26 Am. R. 87); *Mayor, etc.,* v. *Baldwin,* 57 Ala. 61 (29 Am. R. 712); *Hunter* v. *Board of Supervisors,* 33 Iowa, 376 (9 Am. R. 132); *Ogilvie* v. *Crawford County,* 12 Reporter, 196.

Recognizing the rule as above stated by Burroughs, and as deducible from it, it must be held that personal property found in transit through, or temporarily within, a State other than the one in which the owner resides, can not be taxed in the State in which it is so found, on the principle that for the purposes of taxation it belongs to the State in which the owner has his residence.

As stated in the case of *Herron* v. *Keeran, supra,* the section of the statute herein above set out can not receive a strictly literal interpretation, but ought to be construed as meaning that all personal property having a permanent *situs* in this State, notwithstanding the owner may reside in another State, shall be subject to taxation in this State.

In the light of the authorities cited as above, the staves claimed to have been unlawfully taxed had lost their *situs* as taxable property in this State, and were, in legal contemplation, at the time they were assessed, *in transitu* from the points at which the appellant had purchased them, to Cleveland, Ohio, the place of their ultimate destination. They had then become, under our American system of taxation, a part of the taxable property of the State of Ohio. It follows that the staves were not subject to taxation in this State, and that they were hence improperly listed for taxes by the assessor of Wells county.

This conclusion works no injustice, as the appellant had presumably given the value of the staves in exchange for them previous to the time of their assessment. It has been insisted in argument that the conclusion at which we have ar-

rived could not be reached without practically overruling the cases of *Powell* v. *City of Madison, supra,* and *Rieman* v. *Shepard, supra.* Those cases, however, recognize the rules governing the taxation of personal property to be as herein quoted from Burroughs, but have an application to facts materially different from those involved in this case.

The case of *Carrier* v. *Gordon,* 21 Ohio St. 605, is cited as a case parallel in its facts with the one at bar, and as sustaining a conclusion different from the one we have reached at the present hearing. But in that case the petition did not show that the timber had in any sense started on its journey from the respective places at which it had been purchased, and in that respect, at least, there was a material difference between the two cases.

The three cases lastly above named make what appears to us to be an extreme application of the taxing power óf the State, and are cases which we would not in any event feel inclined to follow very strictly.

The judgment is reversed, with costs, and the cause remanded for further proceedings.