The Board of Commissioners of Brown County *v.* The Standard Oil Co.

Filed Oct. 13, 1885.

No. 12,132.

## The Board of Commissioners of Brown County *v.* The Standard Oil Company.

TAXATION.—*Personal Property.—When Deemed in Transitu.*—Where property is collected from one or more points, by any means of transportation, and is awaiting the necessary preparation and facilities for further transportation, it will be deemed to be in transit while so detained, and not liable to taxation.

SAME.—*Property Intended for Transportation.—Situs.*—But where property is collected, even though it may be at the point of final shipment, to await indefinitely the owner's pleasure or the rise of markets, or to undergo a partial process of manufacture, or from any other cause having no relation to the preparation for or facilities or exigencies of transportation, it will be held to have acquired a *situs*, making it subject to taxation.

From the Bartholomew Circuit Court.

*R. L. Coffey* and *N. R. Keyes*, for appellant.

*G. W. Cooper*, for appellee.

MITCHELL, C. J.—The Standard Oil Company, incorporated

under the laws of the State of Ohio, and having its principal office and place of business in the city of Cleveland in that State, filed a claim in the commissioners' court of Brown county, for the refunding of taxes alleged to have been wrongfully exacted from and paid by it on certain property owned by it, which was found in that county.

It appeared that in March, 1881, the company entered into a contract with one McGregor, under which he was to furnish and deliver to it, at Cleveland, Ohio, and Indianapolis, Indiana, for a stipulated price, 3,000,000 staves, which, under a modification of the original contract, were to become the property of the company upon being *piled* in the yards, in which they were found when listed for taxation by the assessor. The contract required, that before being finally delivered to the company, the staves were to undergo a certain process known as "bucking." By this it was meant that the rough staves were to be passed through a machine called a "bucker," which cut them of uniform length and thickness. The purpose of this was two-fold, to reduce them in size, so as to save freightage, and to prepare them for more convenient use in the manufacture of barrels. It was also stipulated that all staves were to be allowed to stand in piles for a period of three months before being shipped, unless sooner called for by the company, and the whole quantity was to be delivered by April 1st, 1882. After being piled up awaiting the process above described, the staves were listed for taxation by the township assessor.

It did not appear whether the property had been listed for taxation in the State of Ohio or not, nor do we now inquire whether that would have made any difference.

The company contended that, under the facts shown, the property was not subject to taxation in this State, and having paid the taxes to prevent the sale of its property, it was decided below that the appellee was entitled to have the amount refunded.

Section 6271, R. S. 1881, provides that "All real property

within this State, all personal property owned by persons residing in this State, * * * and all personal property within this State owned by persons not residing within this State, subject to the exceptions hereinafter stated, shall be subject to taxation."

The property upon which the taxes were assessed and collected is not within any statutory exception. By construction, it is held that personal property owned by non-residents, which is found in transit, in or through the State, or which is temporarily awaiting facilities for transportation, is not subject to taxation here. Accordingly, it was held in the case of *Standard Oil Co.* v. *Bachelor*, 89 Ind. 1, where it appeared that the company had purchased a quantity of staves for exportation beyond the State, and had procured them to be hauled from the several points where they had been purchased, to the railroad station, ready for shipment as soon as railroad transportation could be secured, that such property was to be considered as substantially *in transitu*, and not liable to taxation. With that ruling we are entirely satisfied, but this case does not fall within it.

· In the case under consideration, the property, after being collected into yards, was to be subjected to a preparatory or partial process of manufacture. It was to remain in piles at least three months, unless sooner required, and it might remain for a much longer period. There could be no propriety in saying, either that the property was in transit, or that it was temporarily awaiting an opportunity for transportation. It can not be doubted, that where property is collected from one or more points, by any means of transportation, and is awaiting the necessary preparation and facilities for further transportation, it will be deemed to be in transit while so detained for further exportation; but when property is collected, even though it may be at the point of final shipment, to await indefinitely the owner's pleasure or the rise of the markets, or to undergo a partial process of manufacture, or from any other cause having no relation to the preparation for or

facilities or exigencies of transportation, such property will acquire an actual *situs*, rendering it subject to taxation.

The case is controlled in all its essential features by *Standard Oil Co.* v. *Combs*, 96 Ind. 179 (49 Am. R. 156); and for the error of the court in overruling the motion for a new trial, the judgment is reversed, with costs.

Filed Oct. 17, 1885.