

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

July 9, 1951

Hon. Drew S. Davis
County Attorney
San Augustine County
San Augustine, Texas

Dear Mr. Davis:

Opinion No. V-1202

Re: The tax situs of personal
property owned by a resident
of San Augustine County and
located in an adjoining county.

You request the opinion of this office as to the taxable situs of personal property, including livestock, where the taxpayer owns such property not only in the county of his residence, but also in an adjoining county.

There is no question as to the taxable situs of the property which he owns and which is situated in the county of his residence. Tex. Const. Art. VIII, Sec. 11. Hence it is not necessary to notice this further.

This leaves only the question of the taxable situs of the personal property in the adjoining county in which the taxpayer does not reside. We are not able to say categorically, in the absence of more detailed and specific facts, that all of the personal property of the taxpayer, including that owned in the adjoining county, should be rendered and the taxes paid thereon in the county of his residence, or that a part should be rendered and paid in the adjoining county. We should keep in mind that under the law of this State taxable situs for the purpose of ad valorem taxation is determined as of January 1.

In the determination of the tax situs of tax situs of taxable personal property in general, the following constitutional and statutory provisions require consideration:

"All property, whether owned by persons or corporations shall be assessed for taxation, and the taxes paid in the county where situated . . ." (Tex. Const., Art. VIII, Sec. 11)

"All property, real and personal, except such as is required to be listed and assessed otherwise, shall be listed and assessed in the county where it is situated; and all personal property, subject to taxation and temporarily removed from the State or county, shall be listed and assessed in the county of the residence of the owner thereof, or in the county where the principal office of such owner is situated." (Art. 7153, V.C.S.)

It is observed that the term "in the county where situated" appears in the Constitution, and the term "in the county where it is situated" appears in the statute; thus the same terms are employed. A judicial construction of the term "where situated" appears in the case of Great Southern Life Insurance Co. v. City of Austin, 112 Tex. 1, 243 S.W. 778 (1922). In this case the Court said:

"Our Constitution, therefore, in declaring that property shall be taxed where situated, has done no more than declare the common-law rule. The purpose of the Constitution in declaring that property should be taxed in the county where situated, was merely to define the general jurisdictional unit for the exercise of the taxing power, and to confine the exercise of that power to the subjects of taxation within that unit. It did not define what was meant by the words 'where situated' . . . it evidently meant property where situated for the purpose of taxation under the general principles of law as then understood." (243 S.W. at 780.)

In this case the Court further said, "no sovereignty or taxing district could exercise the power of taxation except as to property actually or constructively within its jurisdiction. This rule applies to counties and municipalities, as well as states. . ." (243 S.W. at 780.)

We are aware of the often referred to maxim of "mobilia sequuntur personam," meaning that personal property, that is, movables, follow the person. In the early economic life, personal property occupied a position of minor importance, for the simple reason that personal property played an insignificant part in the economic life of the owner. In brief, it had little to do with profits or advancement of the economic condition of the owner. Such protection as was afforded the owner in the possession and enjoyment of such property was rendered by organized society at the owner's domicile, hence there originated the rule of "mobilia sequuntur personam."

The ownership and use of personal property in the economic life of the country and its citizens has, in modern times, become increasingly important and has given rise to a relaxation of the dogmatic rule embodied in the maxim, and the Supreme Court of Texas has recognized this relaxation. This is apparent from the statement in the Great Southern Life Insurance Company case:

"It is true that the actual situs of certain classes of visible and tangible personal property . . . may have a situs for taxation where they are permanently kept, separate and apart from the domicile of the owner. . . ." (243 S.W. at 781.)

We think it now clearly established in this State that "actual situs" of property for the purpose of taxation is controlling over the residence of the owner if the property is used in the non-resident county permanently and not merely temporarily and incidentally. In the case of City of Ft. Worth v. Southland Greyhound Lines, Inc., 67 S.W.2d 354 (Tex. Civ. App. 1931), approved by the Supreme Court in answer to certified questions in 123 Tex. 13, 67 S.W.2d 361 (1933), there was no special statutory provision or legislative history affecting taxable situs, as is present in cases dealing with rolling stock of railroads. But the Court looked only to Section 11 of Article VIII of the Constitution and Article 7153, quoted above, which require taxation of personal property "where situated" or "in the county where it is situated." Plaintiff's principal office and domicile was at San Antonio, where it rendered its buses for taxation. The taxpayer admitted a taxable situs in Fort Worth of certain personal property as of January 1, 1930, including tools and supplies used in its Fort Worth garage and repair shop, office furniture, and certain moneys on hand as of that date, and tendered into court the taxes due on these items. The plaintiff sought in this suit an injunction against the tax collector of the City of Fort Worth to prevent the city from taxing or collecting taxes on certain motor buses placed upon the city tax rolls. The Court held in effect that the buses were only temporarily rather than permanently employed in the City of Fort Worth and sustained the taxpayer's contention that they were taxable in San Antonio, Bexar County, where it had its main office. The taxpayer conceded that the portion of its property permanently located in Fort Worth had a taxable situs there and was properly taxable there, and tendered the appropriate amount of taxes. No question was raised before the court as to this property. But since it had its actual situs by reason of the permanency of its location and the purpose for which it was used at that location by the taxpayer, the actual situs prevailed over the residence of the taxpayer as to this property.

The case of Clampett, Sheriff v. Johnson, 42 S.W. 866 (Tex. Civ. App. 1897), deals exclusively with the taxable situs of livestock in a county not the residence of the owner. In this case, a resident of Runnels County owned some 1400 head of cattle. On or about November 2, 1893, by virtue of a pasturage contract, he moved the cattle to Sterling County and there pastured them until about April 1, 1894. Under his contract he had the privilege of pasturing the cattle until May 1 but returned the cattle to Runnels County about April 1, prior to the expiration of the time allowed under the contract. Both Runnels County and Sterling County asserted the right to tax the cattle. The Court held that the cattle had acquired a taxable situs as of January 1 in Sterling County. The Court predicated its decision upon the authority of Section 11 of Article VIII of the Constitution and Article 7153, V.C.S., both of which require the payment of taxes where situated. Therefore, the correct rule

seems to be that where tangible personal property has an actual physical location in a county and is there dedicated and used in the county in the furtherance of the taxpayer's business operations, it there acquires a taxable situs distinct from the domicile of the owner. Waggoner v. Whaley, 50 S.W. 153 (Tex. Civ. App. 1899, error ref.)

We have assumed from your opinion request that there is not involved the question of inter-county pasturage which is governed by Article 7155, V.C.S., and have treated the matter in so far as livestock is concerned by the rules established for other tangible personal property. Of course, if county line pasturage is involved, the taxable situs is governed by Article 7155, which provides for an apportionment between the counties as the acreage of the respective counties bears to the total acreage in all the counties.

## SUMMARY

Personal property may acquire a taxable situs in a county distinct from the residence of the owner if it is permanently kept, used, and dedicated by the owner as of January 1 of the taxable year to uses in connection with the operation of his business in that county, as distinguished from a temporary or mere incidental use; and this is true as to all tangible personal property, including livestock. Article 7155 provides an exception in cases of county-line pasturage.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By L. P. Lollar

L. P. Lollar
Assistant

W. V. Geppert
Taxation Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

LPL/mwb