

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL.

November 17, 1976

The Honorable Edwin Powell, Jr.　　Opinion No. H- 898
County Attorney
Coryell County　　　　　　　　　　Re:　Taxation of Farm
711 Main Street　　　　　　　　　　Products.
Gatesville, Texas　76528

Dear Mr. Powell:

You have requested our opinion regarding the construction of article 8, section 19 of the Texas Constitution. That section provides:

> Farm products in the hands of the producer, and family supplies for home and farm use, are exempt from all taxation until otherwise directed by a two-thirds vote of all the members elected to both houses of the Legislature.

We have been advised by the Comptroller's office that, in 1879, when article 8, section 19 was added to the Constitution, livestock and poultry were taxed, and that the practice has never ceased. This raises the question as to whether the Committee on Constitutional Amendments of the 16th Legislature, which proposed the amendment, intended to include livestock and poultry within the ambit of "farm products," and this is the issue which you raise.

In Court v. O'Connor, 65 Tex. 334 (Tex. Sup. 1886), the Supreme Court was called on to determine the situs for tax purposes of cattle which grazed on land located in two counties. The Court reached a result that was later enacted as article 7155, V.T.C.S. Never did the Court express the slightest doubt that the cattle were taxable at some location. See also Waggoner v. Whaley, 50 S.W. 153 (Tex. Civ. App. -- 1899, writ ref'd); Clampitt v. Johnson, 42 S.W. 866 (Tex. Civ. App. --1897, no writ). We conclude therefore that livestock and poultry are not considered to be included within the

p. 3772

definition of "farm products" as that term is used in article 8, section 19 of the Texas Constitution.

You also ask us to specify what is included within the meaning of "family supplies for home and farm use" under article 8, section 19. This question was addressed in Attorney General Opinion WW-1025 (1961), in which the Attorney General held that "family supplies for home and farm use" means

> consumable articles reasonably necessary
> for day-to-day use in operating or main-
> taining a farm or home.

We have been pointed to no reason not to concur with the definition suggested in Attorney General Opinion WW-1025, and we are unable to supply a more definitive guideline.

## S U M M A R Y

> Livestock and poultry are not "farm
> products" under article 8, section 19
> of the Texas Constitution and thus are
> not exempt from taxation thereunder.
> "Family supplies for home and farm use"
> means consumable articles reasonably
> necessary for day-to-day use in operating
> or maintaining a farm or home.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb