THE CITY OF NEW ALBANY *v.* MEEKIN.

| 3 | 481 |
|---|---|
| 143 | 238 |

| 3 | 481 |
|---|---|
| 147 | 590 |

The share of the part owner of a steam-boat ·which runs on the *Ohio* and *Mississippi* rivers, and occasionally touches at the city of *New Albany* in the course of her voyages, is not liable to be taxed, under the charter of said city, merely from the fact that such part owner is a citizen of that place.

The *situs* of personal property, for the purposes of taxation, does not follow the domicil of the owner.

APPEAL from the *Floyd* Circuit Court.

*Wednesday, November 24.*

Nov. Term,
1852.

City of New
Albany
v.
Meekin.

Perkins, J.—*The City of New Albany* brought an action of debt against *Charles Meekin* to recover the amount of certain taxes assessed against him. *Meekin* pleaded the general issue. The cause was submitted to the Court upon the following statement of facts agreed to by the parties: "Defendant is assessed by plaintiff with a tax of 75 dollars for the year 1850, and a tax of 46 dollars and 28 cents for the year 1851. Defendant is and has been for three years last past the owner of an interest in a certain steam-boat of the value of —— dollars. The other joint owners of said boat are not residents of the state of *Indiana*. Said boat was enrolled at *Louisville, Kentucky*, and has been, during said three years, running on the *Ohio* and *Mississippi* rivers, and occasionally touching at *New Albany*. When not running, said boat has been laid up at points not in said city. Defendant's joint ownership is fairly worth the sum of ——, and said taxes have been regularly assessed as the proper per centage on said valuation.

"Defendant objects to the payment of said taxes, on the ground that said ownership above specified is not taxable by the plaintiff. It is agreed that if the Court decide," &c. "*Moodey* and *Hillyer*, for plaintiff. *Thornton* and *Davis*, for defendant."

The Court below decided for the defendant, and rendered judgment accordingly.

The charter of the city of *New Albany*, section 9, confers upon the "mayor and council" of the corporation the power "to assess annually, against each male inhabitant of the city, who shall be twenty-one years of age, sane, and not a pauper, a poll-tax not exceeding 50 cents; and upon all lands, tenements, and hereditaments, goods and chattels, rights and credits," "which are within the city, such *ad valorem* tax," &c.; and provides that the same shall, from the 1st *Monday* in *April* of each year, "be a lien upon the property so assessed, and a charge against the then owner thereof," &c.

The question in this case, it will be observed, is not what power of taxation the state might have given to the

city of *New Albany*, but what she actually has given; for it will be admitted that the city cannot exercise a power not conferred. The city has power to tax property situated within her limits; and we have only to determine, therefore, whether the steam-boat in question, or the share of it belonging to the defendant, is thus situated. We shall not attempt to lay down a general proposition specifying what property is, and what is not, situated within the corporation of *New Albany*, but shall confine ourselves to the article in this suit subjected to taxation. And we think that neither the said steam-boat, nor the share of the defendant in it, is within said city. It is certainly not actually there, and we think not constructively, within the meaning of the charter. We do not think that, for the purposes of taxation, a Court is authorized to apply the rule of law governing the personal estate of deceased persons which regards its *situs* as following the domicil of the owner. Surely no one would risk asserting the general proposition that, under the charter of *New Albany*, all the personal property owned by every resident of that city, no matter where situated, was liable to be taxed by said city; that if a citizen of *New Albany* was a partner in a steam-boat plying on some river in *California*, or in a flock of sheep kept upon a farm in *Kentucky*, or in some part of *Floyd* county, in this state, out of the corporation of *New Albany*, he was liable to be taxed for it under said charter. The case before us cannot be distinguished. We do not deny that the state might have authorized the city to tax such property, but we think she has not.

*Per Curiam.*—The judgment is affirmed with costs.

*J. C. Moodey*, for the appellant.

*H. P. Thornton* and *C. Dewey*, for the appellee.