THE WESTERN UNION TELEGRAPH COMPANY *v.* DICKINSON.

CORPORATION.—*Citizenship.*—Corporations are citizens, within the meaning of the clause of the Constitution of the United States which extends the judicial power of the courts of the United States to controversies between the citizens of different states; and they are citizens only of the state or sovereignty that created them.

SAME.—*Transfer of Cause to United States Court.*—The right to have a cause transferred from a state court to the United States court is not controlled or abridged by the act of our general assembly authorizing the service of process on the agent of a foreign corporation.

APPEAL from the Noble Circuit Court.

PETTIT, C. J.—This suit was brought by the appellee

against the appellant, to recover damages for delay in deliv-ering a dispatch conveying the intelligence of the death of the mother of Dickinson, by which he was prevented from attending her obsequies, and claiming five thousand dollars damages for his bereavement. On entering an appearance, the defendant complied with all the requirements of sec. 12 of the judiciary act of Congress of 1789, 1 U. S. Stat. at Large, p. 79, and moved the court to transfer the case to the United States Circuit Court for the district of Indiana, be-cause the defendant was a non-resident corporation, having been created by the laws of the State of New York, and that the plaintiff was a citizen of this State. This applica-tion and motion were overruled, and this ruling is assigned for error.

That corporations are citizens within the meaning of the clause of the constitution of the United States which ex-tends the judicial power of the courts of the United States to controversies between citizens of different states, is settled beyond controversy, and that they are citizens only of the state or sovereignty that created them. *Louisville R. R. Co.* v. *Letson*, 2 How. 497; *Marshall* v. *The Baltimore, etc., R. R. Co.*, 16 How. 314; *Covington Drawbridge Co.* v. *Shepherd*, 20 How. 227; *Ohio, etc., R. R. Co.* v. *Wheeler*, 1 Black, 286. There are subsequent cases in Wallace's U. S. Supreme Court Reports to the same effect. The truth of any of the statements of the petition or motion was not denied or con-troverted, and we are not able to see any good reason why the motion was not granted.

It is insisted that the act of June 17th, 1852, 1 G. & H. 272, prevents a change or transfer of the case to the United States court, and that by that act the cause must be tried in the state court where it was commenced; but we do not so understand the act, and we hold that it authorizes the ser-vice of process on the agent, and thereby to bind the com-pany by the service, and that the rights secured by the act of Congress above referred to, for a change or transfer of

the case from the state to the United States court, are not controlled or abridged by the act of our general assembly.

The judgment of the court below is reversed, at the costs of the appellee, with instructions to the court below to sustain the application and motion for a transfer of the cause to the United States Circuit Court.

WORDEN, J., having been of counsel, was absent.

Note by PETTIT, C. J.—It may well be doubted whether the act of our general assembly is, not void, as being in conflict with the second section of the fourth article of the constitution of the United States, which says, "the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

As a corporation is a citizen of the state in which it is created, why is it not entitled to all the privileges and immunities of the citizens of the several states to trade and transact business?

*R. W. McBride,* for appellant.

*J. Morris* and *W. H. Withers,* for appellee.