Foresman *et al. v.* Byrns.

---

FORESMAN ET AL. *v.* BYRNS.

TAXATION.—*Debts.—Domicile of Creditor.*—All debts, of every kind and nature, due to persons having a domicile in this State, are taxable to the creditor where he has his domicile.

SAME.—*Agent doing Business in this State.—Situs of Debt.*—All debts, of every kind and nature, due from persons having a domicile in this State, to persons not having a domicile therein on the day named in the statute, unless in the hands of an agent doing business in this State, from which such debts have sprung, have no situs in this State, but have a situs where the creditor has his domicile, and are not taxable in Indiana.

From the Tippecanoe Circuit Court.

*J. Park*, for appellants.

*H. W. Chase, F. S. Chase* and *F. W. Chase*, for appellee.

SCOTT, J.—This was an action by the appellee, against the appellant, as treasurer of Tippecanoe county, to enjoin the collection of eleven thousand six hundred and eighty dollars and seventy-three cents taxes, claimed to have been illegally assessed against the appellee.

The complaint reads as follows :

" Ainsworth H. Byrns, plaintiff, complains of Bennett Foresman, as treasurer of Tippecanoe county, and the Board of Commissioners of the county of Tippecanoe, State of Indiana, defendants, and says that he, the plaintiff, is a citizen of the State of Indiana, and a resident of said county of Tippecanoe, and has been such citizen and resident for more than ten years last past, and that he is the owner of personal property situate in said county, liable to be seized and sold for taxes, to the amount of five hundred dollars and upward.

" The plaintiff further says that the Equitable Trust Company, of New London, in the State of Connecticut, is a corporation authorized by its charter to loan money upon bonds and other obligations, and to sell and dispose of its securities in such manner as it may determine, having its principal office in the city of New York; that said Trust Company has been engaged under its charter, for more than six years last past in the business of loaning money at the said city of New York, in the State of New York, upon bonds and other obligations secured by mortgage, to the citizens of the State of Indiana applying therefor.

" The plaintiff further says that about six years ago he entered into and commenced acting under an oral arrangement or understanding with the officers of said Equitable Trust Company, that any written applications from per-

sons residing in the State of Indiana, desiring to borrow money upon their bonds or other obligations, to be secured by mortgage upon real estate in said last named State, which the plaintiff should forward and recommend to said Trust Company, would be entertained by the company, and if such application should meet the approval of said company, its officers and counsel in New York, then the plaintiff was authorized to prepare and have executed the bonds and other obligations of such borrowers and mortgages upon real estate to secure the same, together with receipts duly signed by the borrowers for the moneys, and forward them to said Equitable Trust Company; thereupon said company would and did pay over to such borrowers the amounts of money agreed to be loaned to them, by depositing such amounts to the credit of the plaintiff as agent for such borrowers, in a bank in the city of New York, and advise the plaintiff as such agent of such deposit, whereupon the plaintiff would and did draw his checks upon such deposits and negotiate the same at some bank in Indiana, and from the proceeds thereof pay over to such borrowers the amounts of such loans, less the agreed commissions to the plaintiff for the procuring of such loans to such borrowers. And the plaintiff further says, that in all business transactions engaged in by him, relating to the loans of said Equitable Trust Company during the last six years to borrowers in Indiana, he, the plaintiff, has acted under and in pursuance of said oral arrangement or understanding in manner aforesaid, and not otherwise, and in no case has he ever had in his possession, or under his control, any of the money invested or loaned by said Equitable Trust Company, in the State of Indiana, nor has said Trust Company ever paid or agreed to pay the plaintiff any compensation for making loans in Indiana, but said Trust Company, in making its loans to borrowers in Indiana through

the instrumentality of the plaintiff, kept and retained such moneys in its own possession and control in the city of New York until after the delivery to it of those bonds, mortgages and receipts of the borrowers; whereupon said Trust Company would pay over to such borrowers the money loaned them through the instrumentality of the plaintiff, in manner aforesaid.

"Wherefore plaintiff says that all moneys loaned by said Equitable Trust Company were, when they came to the hands of the plaintiff, the money of the borrowers, which were immediately delivered over by the plaintiff as their agent to them.

" The plaintiff further shows that he has been engaged in negotiating for the loans of money upon applications received in addition to those made to the said Equitable Trust Company as aforesaid.

"That, upon the receipt of such applications that seemed desirable to the plaintiff, and that he was satisfied would readily be taken by capitalists and others when offered to them, he examined abstracts of title, etc., and prepared papers for such loans, and not knowing at all times at the time of preparing such papers by whom the loans would be taken, and for the purpose of facilitating the negotiation of such loans, and for the purpose of making the paper negotiable and transferable without endorsement, and in a convenient form to be held by two or more parties, took the mortgage to himself, or to himself as trustee, and the notes to the order of the maker or to bearer, and as opportunity offered disposed and delivered them to capitalists and others upon the receipts of the money therefor ; and plaintiff further shows that he has not had in his hands or under his control as agent, trustee or attorney of any person or corporation, any money for the purpose of investment in mortgage or other securities; and plaintiff avers that all securities so taken by him, either to himself

or to himself as trustee, were disposed of as hereinbefore set forth, and not otherwise, and that said securities are not now in his custody or control, nor have they ever been since their sale and delivery to the purchasers thereof, although in some instances some of said mortgages so negotiated by the plaintiff still appear of record in his name, but the notes and obligations secured by said mortgages have long since and prior to the 1st day of January, 1879, been sold and delivered to purchasers and investors.

" The plaintiff further says, that for all property owned, controlled or held by him prior to the 1st day of January, 1879, he has been duly assessed, to wit, for all money, notes, obligations, demands, and property of every kind upon which he was justly or legally liable to pay taxes, and the entry of such assessment made upon the tax-duplicate delivered to said defendant Foresman, as treasurer of said county for the year 1878, which assessment is exclusive of that hereinafter copied and set forth.

Foresman *et al.* v. Byrns.

| | No. of Polls. | Chattels. | Total. | 1st Instalment. | 2d Instalment. | Total Tax. | Delinquent former years, Penalty and Interest. | Tax including Delinquent. |
|---|---|---|---|---|---|---|---|---|
| A. H. Byrns. | | | | | | | | |
| A. H. Byrns, Agent Equitable Insurance Company... | | | | | | | | |
| A. H. Byrns, Trustee. ...... | | | | | | | | |
| A. H. Byrns, ......... | | | | | | | | |
| A. H. Byrns, Equitable Insurance Company for 1874 and 1875 on $75,000. ...... | | $100,000 | $100,000 | $425 00 | $425.00 | $850.00 | $ 865.75 | $ 1,715.75 |
| A. H. Byrns, ...... for 1876 on $80,000 ...... | | 80,000 | 80,000 | 340.00 | 340 00 | 680 00 | 577.17 | 1,257.17 |
| A. H. Byrns, Trustee, for 1874 & 1875 on $50,000 for 1876 on $75,000. | | 40,000 | 40,000 | 170.00 | 170.00 | 340.00 | 288.59 | 628.59 |
| A. H. Byrns, for 1874 on $20,000 for 1875 on $25,000 for 1876 on $30,000 | 1 | | | | | | 3,912.44 | 3,912.44 |
| | | | | | | | 2,918.57 | 2,918.57 |
| | | | | | | | 1,253.21 | 1,253.21 |
| | | | | | | | | $11,680.73 |

" That the amount of taxes so assessed on the duplicate is $11,680.33 ; that said defendant Foresman, as such treasurer aforesaid, has demanded payment of the plaintiff of all said taxes, which the plaintiff has refused to make, and the said Foresman, as such treasurer, is now threatening to seize upon the plaintiff's said personal property, and will sell the same to pay said taxes, so far as said personal property is sufficient for that purpose, and defendant Foresman, as such treasurer, will seize said personal property, and sell the same to pay said pretended taxes, unless restrained and enjoined by this court.

" The plaintiff says that he is advised and believes that said assessment, as above copied and set forth, and the taxes thereon charged against the plaintiff, are wholly illegal and ought to be stricken from said tax duplicate, as wholly unauthorized and void.

" The plaintiff prays that the defendants, and each of them, may be restrained and enjoined from collecting or attempting to collect said taxes by the seizure and sale of plaintiff's property or otherwise, and that the said assessment may be adjudged illegal and void, and for all other and further relief.

(Signed,)                              " A. H. Byrns."

Subscribed and sworn to the 14th day of April, 1879.

Appellant Foresman, defendant below, filed his separate demurrer to this complaint, which demurrer the court overruled, and appellant excepted.

There was an answer and reply, but, as no point is made by either party upon either of these pleadings, we need not set them out in this opinion. There was a trial by the court ; finding for the plaintiff; motion for a new trial overruled, and exception and judgment on the finding.

The errors assigned are, that the court erred in overruling the demurrer to the complaint, and that the court erred in overruling the motion for a new trial.

The following propositions are applicable to the case under consideration, and are, in our opinion, fully supported both by reason- and authority :

1st.    That all debts, of every kind and nature, due to persons having a domicile in the State of Indiana, are taxable to the creditor where such creditor has his domicile.

2d.    That all debts, of every kind and nature, due from persons having a domicile in the State of Indiana to persons not having a domicile in the State of Indiana, on the day named in the statute, unless in the hands of an agent doing business in the State of Indiana, from which such debts have sprung, have no situs in the State of Indiana, but have a situs where the creditor has his domicile, and are not taxable in the State of Indiana.   *Culbertson* v. *The Board, etc.*, 52 Ind. 361; *Herron* v. *Keeran*, 59 Ind. 472; *Railroad Co.* v. *Pennsylvania*, 15 Wal. 300; Burroughs on Taxation, sec. 41, and the authorities there cited.

Applying these propositions to the ruling of the court upon the demurrer to the complaint, we are of opinion that the ruling was correct.

The evidence sustains the allegations of the complaint, and the motion for a new trial was properly overruled.

The judgment is affirmed, at the costs of the appellant.