Eversole, Marshal, *et al. v.* Cook *et al.*

No. 10,580.

EVERSOLE,ʳ MARSHAL, ET AL. *v.* COOK ET AL.

TAXES.—*Personal Property.*—*Situs.*—*Domicile.*—The situs of personal property for the purposes of taxation does not follow the domicile of the owner.

SAME.—*Town.*—*Injunction.*—*Residence.*—Where a person resides in a town in this State, and his personal property belongs elsewhere, such town has no authority to assess taxes upon such property, and the collection of the same will be enjoined.

From the Clark Circuit Court.

*J. K. Marsh,* for appellants.

*J. G. Howard, J. F. Reed* and ᵉ— *Stannard,* for appellees.

BEST, C.—This action was brought to enjoin William Eversole, marshal of the town of Port Fulton, and said town from selling certain personal property belonging to the appellees, for taxes assessed upon it by said town.

A demurrer for the want of facts was overruled to the complaint, and the appellants declining to answer, final judgment was rendered against them. This ruling is assigned as error, and presents the only question in the record.

The assessment in question was made in 1880, and the appellant contends that it is controlled by the act of December 21st, 1872. The last clause of the 24th section of that act provides that "All persons, companies and corporations in the State owning steamboats, sailing vessels, wharf boats, barges and other water-craft, shall be required to list the same for assessment and taxation in the county, township, city or town in which the same may belong or be enrolled, registered or licensed, or kept when not enrolled, registered or licensed."

A portion of the property assessed consisted of two steam harbor boats plying in the waters of the Ohio river, and as it was not averred that these were not "enrolled, registered or licensed" in the town of Port Fulton, where the appellees

resided during the year the assessment was made, it is insisted that the complaint was insufficient.

That portion of the complaint upon which this question turns is in these words: "The said plaintiffs further say that they are, and for more than five years last before the commencement of this suit they have been, partners in business under the firm name of "Cook & Hoffman," and engaged in running boats and attending to coal fleets on the Ohio river, and as such firm own, and have ever since the existence thereof owned, partnership property, consisting of boats, machinery, ropes, etc., to wit, one shanty boat on the Ohio river permanently situated at Cook & Hoffman's coal harbor at Indiana shore of said river, about two miles east of said town of Port Fulton; one steam pump, situated at said point; two steam harbor boats, known as tug boats, and plying on the waters of said river from said harbor to Louisville, Kentucky, and Jeffersonville, Indiana, and used in steering coal barges from said harbor to said points and to the city of New Albany, Indiana; also the necessary lines, lashing and ropes for holding said coal fleets, shanty boat and other boats, and carrying on said business—all of which said partnership property is of a tangible character, and is and has been during the entire existence of said firm, and the ownership of said property, located and situated outside of the corporate limits of said town, and the proper use and management of said property, in carrying on said partnership affairs, requires the same to be so located and situated."

The appellants do not claim, as we understand them, that this property is taxable in the town of Port Fulton because the appellees reside there, but they claim that these boats do not appear to belong elsewhere, and as they may have been "enrolled, registered or licensed" there, these things must be negatived in order to show that the town had no authority to make the assessment. Upon the assumption made, the point seems well taken, but we think it does appear that the prop-

erty belonged elsewhere. It appears that these boats were partnership property, used in connection with the appellees' other property, at their harbor, for the purpose of transporting coal barges from such harbor to the several designated points, and thus it appears that they belonged at said harbor which is alleged to be outside of the corporate limits of said town. This was sufficient to show that these boats belonged elsewhere within the meaning of this section of the statute, and when this fact is shown it is not necessary to aver that they were not " enrolled, registered or licensed " in said town. The averment that this property belonged elsewhere shows that the town had no authority to make the assessment, as the statute requires such property to be assessed in the county, township, city or town where it belongs.

The fact that the owners resided in the town did not authorize the town to make the assessment, as the *situs* of personal property for the purpose of taxation does not follow the domicile of the owner. *City of New Albany* v. *Meekin,* 3 Ind. 481.

In addition to the above the complaint averred that the appellees had fully paid all taxes assessed by the town upon their other real and personal property, and as this property was not " taxable property " of the town, and as the appellants were threatening to sell it for such assessment, the complaint to enjoin them was sufficient, and the demurrer properly overruled.

The judgment should, therefore, be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellants' costs.

Filed Dec. 13, 1883.