Filed Feb. 20, 1895.

———————◆———————

No. 17,166.

## SENOUR, TREASURER, *v.* RUTH.

TAXES.—*Credits of Nonresident.*—*Promissory Notes in Evidence of Loans to Citizens of this State.*—Credits in favor of a nonresident, which are debits against citizens of this State, such credits resulting from loans evidenced by promissory notes held by such nonresident in another State, and secured by mortgages on real estate in this State, are not within the jurisdiction of this State, nor subject to taxation here.

SAME.—*Property Not Within Jurisdiction of State.*—*Attempted Assessment Void.*—*Collateral Attack.*—The property not being within the jurisdiction of this State, the county board of review had no power to assess it, and the board's act in that regard being void, it was subject to collateral attack.

From the Marshall Circuit Court.

*J. D. McLaren,* for appellant.
*C. P. Drummond,* for appellee.

HACKNEY, J.—The record in this case presents the question of the liability of the appellee, a resident and citizen of the State of Illinois, for taxes for State and county purposes, upon credits in his favor and against citizens of Marshall county, State of Indiana, such credits resulting from loans evidenced by promissory notes held

by him in the State of Illinois and secured by mortgages of the real estate of the debtors in said county. Said credits were listed for taxation, by the county assessor, for the year 1892, and, in July of that year, the county board of review, after notice personally served upon the appellee in the city of Chicago to appear and show cause, if any, why said credits should not be assessed for taxation, ordered the same assessed and extended for taxation.

In the absence of a statute subjecting such property to taxation in this State, it has been frequently held not subject to taxation. *Foresman* v. *Byrns*, 68 Ind. 247; *Herron, Treas.*, v. *Keeran*, 59 Ind. 472; *Conwell, Presidsnt, etc.*, v. *President, etc., of Town of Connersville*, 15 Ind. 150; *City of Evansville* v. *Hall*, 14 Ind. 27.

The principle upon which these cases have been decided is that such property is intangible, and its *situs* is at the place of residence of the owner. The same conclusion as to the *situs* of tangible personal property has been reached, in some cases, where such property has been found but temporarily in this State, and its owner has not been a resident of this State. *Standard Oil Co.* v. *Bachelor*, 89 Ind. 1.

But not so when such property is permanently within the State. *Rieman* v. *Shepard*, 27 Ind. 288; *Powell* v. *City of Madison*, 21 Ind. 335; *Standard Oil Co.* v. *Combs*, 96 Ind. 179.

However, as to this class of property, we do not now seek to review the cases or render any decision; our purpose is but to show the existence and recognition in this State of the rule concerning the *situs*, for purposes of taxation, of intangible property. Counsel cite the act of 1891 (Acts 1891, section 3, subd. 4, section 11, p. 199) as subjecting the property in question to taxation in this State. It is as follows:

"Section 3. All property within the jurisdiction of this State, not expressly exempted, shall be subject to taxation."

"Section 11.   *   *   *   *Fourth*. Personal property of nonresidents of the State shall be assessed to the owner or to the person having control thereof in the township, town or city where the same may be, except that where such property is in transit to some place within the State, it shall be assessed in such place."

Expressly by the first of these provisions, and impliedly by the second, the authority is given to tax property within the jurisdiction of this State. The appellee's debtor, and the property securing the debt, are within the jurisdiction of this State, but the notes, the subject of the attempted taxation, and the appellee are not within the jurisdiction of this State, and authority for such taxation is not given.

In the case of *Herron, Treas.*, v. *Keeran, supra*, the notes, bonds and credits of a nonresident were temporarily on deposit and held for collection against debtors resident within this State, and the statute then in force provided that "all personal property within this State, owned by persons not residing within this State,   *   *   *   shall be subject to taxation." It was there said: "The property was within this State, though the owner resided without it, and the statute of the State expressly authorized the taxation of such property. But the statute can not be taken in its broadest sense. There must be a restriction, a limitation upon its literal meaning, by construction. Otherwise, the bills, notes, and bonds in the possession of a temporary visitor in the State, in fact, those in possession of a traveler passing through it might be taxable in it. They would be within the State, and come within the letter of the statute. But such could not have been the intention of the Legislature. It is the general

rule of law, that the domicile of the owner is the place where, by legal fiction, his personal property is regarded as having its *situs,* and where it is to be taxed.''

After further consideration and the citation of numerous cases, it was said: ''Those cases all hold that such property can not be so taxed, unless it has acquired, what we may denominate, a business *situs,* in a state other than that of the residence of the owner. The property in the present case had acquired no such *situs.*''

Every feature of that case presents a stronger claim for the exercise of the taxing power than the present. All that was said in that case applies to the present.

But it is said that the appellee was precluded by the action of the county board of review. When we have found that the property was not within the jurisdiction of the State, we have found the absence of an element necessary to the validity of the board's action, and, in such case, the action is void, and may be attacked collaterally.

There was no error in overruling the appellant's demurrer to the appellee's complaint to enjoin the collection of the tax, and the judgment of the circuit court is affirmed.

Filed Feb. 31, 1895.