Howard, J.
The appellants, as trustees under the last will of Job M. Nash, deceased, have brought this *586 actionto enjoin the collection of taxes assessed against trust funds in their hands to the amount of $268,000.00. It is alleged in the complaint that the county auditor, after notice given to the executors, placed upon the tax duplicate, as omitted property of the estate of said decedent, certain stocks, bonds, notes and mortgages, of which the said trust funds form a part, and which had been held and owned by the said Nash during the years from 1881 to his death in 1893, and had been by him omitted and withheld from taxation during all that time.
It further appears that, from 1880 to 1886, all loans or investments made in this State by Job M. Nash were managed by .him in person; and, that, from 1887 until his death in 1893, he had in his service an agent in Tippecanoe county to take charge of his real and personal property in the State and to conduct his loan and investment business therein. It is also alleged “that said Job M. Nash was a citizen of and domiciled in another state than the State of Indiana during the whole of the year 1881, and continued to be such citizen and so domiciled until his death.”
The theory of appellant’s complaint seems to be that all those obligations due Job M. Nash or his estate which were executed by nonresidents of the State are not taxable here. It is explicitly alleged: “That the said bonds, stocks, notes and mortgages so executed by nonresidents of the State of Indiana were not and are not subject or liable to taxation in the State of Indiana, as they believe.” And again: “The plaintiffs further say that they have not, nor has either of them, made any return for taxation in Indiana of any bond, note, mortgage or other chose in action, payable by or executed by any person or persons or corporation, who was or were not inhabitants or citizens of the state *587 last aforesaid, nor any mortgage not on lands in said State.”
It is, however, the credit, and not the debt, to which value attaches, and which is, therefore, taxable. It can, consequently, make no difference where the debtor lives, or where the debt was contracted, provided only the bond, note or other evidence of amount due the creditor is itself within the jurisdiction of the State. By section 3 of the tax law (section 8410, Burns’ R. S. 1894) it is provided that “All property within the jurisdiction of this state, not expressly exempted, shall be subject to taxation.” By sections 51 and 53 of the same act credits are classed as personal property. Personal property, in general, is assessed where its owner resides. But the situs of such property, for the purpose of taxation, does not always or necessarily follow the domicile of the owner. Eversole v. Cook, 92 Ind. 222. Many such exceptions, too, are made in section 11 of the tax law, among them the following, in clause four: “Personal property of nonresidents of the state shall be assessed to the owner or to the person having the control thereof in the township, town or city where the same may be, except that where such property is in transit to some place within the state, it shall be assessed in such place.” Section 8421, Burns’ R. S. 1894.
If, therefore, personal property is used in business in this State it will be assessed here, even though the owner may reside elsewhere; and this must be true of credits and moneys as well as of other forms of personal property. A business may be done in buying and selling property and making loans and investments, collecting and reloaning the money so used, from year to year, and if the money, notes and mortgages so used are retained in this State they will be subject to taxation here as well as any other kind of *588 personal property. See In re Whiting's Estate, 150 N. Y. 27, 44 N. E. 715, and In re Houdayer’s Estate, 150 N. Y. 37, 34 L. R. A. 235, 44 N. E. 718.
“It is the general rule of law,” said this court in Herron v. Keeran, 59 Ind. 472, “that the domicile of the owner is the place where, by a legal fiction, his personal property is regarded as having its situs, and where it is to be taxed. Commonwealth v. Chesapeake, etc., R. R. Co., 27 Grat. 444. But this rule is now departed from in most states, as to chattels having a permanent situs in a state other than that of the residence of the owner. Rieman v. Shepard, 27 Ind. 288; Burroughs’ Taxation, 41. And the same departure has been taken in regard to notes and evidences of debt in the hands of an agent of the owner who resides in another state or country, which notes are taken for money loaned, and held for renewal or collection, with the view of reloaning the money by the agent in the same state, the business being permanent in the hands of the agent. Burroughs’ Taxation, 44 et seq.; People v. Board, etc., 48 N. Y. 390.” See, also, Foresman v. Byrns, 68 Ind. 247; City of New Albany v. Meekin, 3 Ind. 481.
If notes and other choses in action were in this State temporarily, however, or in the hands of an attorney for collection merely, it would, of course, be different. Herron v. Keeran, supra. Still more, where the credit is owned and held in another state by a nonresident of this State. See In re Bronson, 150 N. Y. 1, 44 N. E. 707. In such a case the note or bond so owned and held cannot be taxed here, even though secured by lien on property in this State. Senour v. Ruth, 140 Ind. 318. It is the note ot bond so held, and not its mere security, that is regarded as the evidence of value, and hence taxable.
While injunction is the proper remedy against the *589 collection of taxes where the assessment is wholly void, Senour v. Ruth, supra, yet the burden is upon the plaintiff to allege and prove facts necessary to show that the whole of the property in question was not subject to assessment for taxation. Saint v. Welsh, 141 Ind. 382. If any of the taxes against which the injunction is sought were legally assessed, then, in the absence of a showing of payment or tender, no relief can be granted. City of South Bend v. University of Notre Dame Du Lac, 69 Ind. 344; Shepardson v. Gillette, 133 Ind. 125.
In the case at bar there is no claim made that the bonds, notes and other obligations placed upon the duplicates as omitted property were not, in fact, in the State and subject to its jurisdiction at the several times when, by the decision of the auditor, they should have been returned for taxation. On the contrary, it is alleged in the complaint that during a part of this period the decedent was himself engaged in the business of making loans and investments in the State, while during the remainder of the time he was represented in this business by a local agent. If he lived here and did business in the State, having with him' his moneys, stocks, bonds, notes and mortgages, as the capital and means of doing such business, then it would be immaterial whether he might claim citizenship in some other state or not. The law could not thus be evaded. His property so used in business and so held in this State would be subject to taxation under the statute cited. It would, of course, be the same if the property and business remained here in charge of an agent. The complaint nowhere states that the omitted property was not in the State at the times when the owner or holder failed to return it for taxation. Neither is it anywhere claimed that any taxes were in any place ever paid on such property. The *590 plaintiffs content themselves with simply alleging that the domicile of the decedent during the period in question was in some other state, not named, and that the obligations placed upon the duplicate as omitted property were executed by and due from nonresidents of the State. This is not enough, and the court did not err in sustaining the demurrer to the complaint.
Judgment affirmed.