CASE 109.—ACTION BY THE COMMONWEALTH AGAINST
THE WEST INDIA OIL REFINING COMPANY.—
June 17, 1910.

## Commonwealth v. West India Oil Refining Co.

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Samuel B. Kirby, Judge.

Judgment for plaintiff, both parties appealed from the judgment of the Jefferson County Court to the Circuit Court, which dismissed the petition, and from this judgment the Commonwealth appeals.—Affirmed.

Taxation— Situs of Property — Statutes —Constitutionality. — Const. section 172, provides that all property not exempt from taxation by the Constitution shall be assessed at its fair cash value and Ky. St. section 4020, declares that all personal estate of domestic corporations, whether in or out of the state, including intangible property, shall be subject to taxation unless exempt. Held, that section 4020 was unconstitutional in so far as it attempted to tax in Kentucky property of a Kentucky corporation whether tangible or intangible the situs of which was wholly in Cuba and Porto Rico, where all the corporation business was transacted.

M. J. HOLT for the Commonwealth.

HUMPHREY & HUMPHREY for appellee.

Opinion of the Court by Judge Hobson—Affirming.

The West India Oil Refining Company is a Kentucky corporation. Its principal place of business is in Jefferson county, but it has not transacted busi-

ness of any kind in Jefferson county or in the state of Kentucky, or owned any property in the state, or had any officers or employes located in the state. All of its property has been, and is, located in Cuba and Porto Rico in the West Indies. It owns and has owned refineries in Cuba and Porto Rico. Its business is all done there. Its money was earned and kept there, and its accounts were due and payable there. On these facts the Jefferson county court held that the cash was not liable for taxation in Kentucky, but that the accounts were liable for taxation. Both parties appealed to the circuit court, which held that neither the cash, nor the deposit in the bank there, nor the accounts had a taxable situs in the state of Kentucky, and dismissed the petition. From this judgment the commonwealth appeals.

Section 172 of the Constitution provides that "all property not exempt from taxation by this Constitution shall be assessed for taxation at its fair cash value." Section 4020, Ky. St., provides that all "personal estate of persons residing in this state and of all corporations organized under the laws of this state, whether the same be in or out of the state, including intangible property" shall be subject to taxation unless exempt. The appellee is a corporation organized under the laws of this state, its legal residence is in this state, and therefore, if the statute is constitutional, the property is taxable here. The validity of the statute was before the United States Supreme Court in Union Refrigerator Transit Company v. Kentucky, 199 U. S. 194, 26 Sup. Ct. 36, 50 L. Ed. 150. In that case a Kentucky corporation owned cars which had no situs in Kentucky. It was held by the Supreme Court that the Kentucky statute was unconstitutional, and that the cars could not be

taxed here, as they had no situs here. That case follows Del., etc., R. R. Co. v. Pennsylvania, 198 U. S. 341, 25 Sup. Ct. 669, 49 L. Ed. 1077, where a similar ruling was made. In that case in taxing the franchise of the railroad, the state of Pennsylvania refused to deduct the value of coal which the railroad company had mined in Pennsylvania and shipped to other states. It was held that to assess this coal and tax it when it had no situs within the state was a taking of property without due process of law.

In Commonwealth v. Dun & Co., 126 Ky. 108, 102 S. W. 859, 31 Ky. Law Rep. 561, 10 L. R. A. (N. S.) 920, it appeared that Dun & Co. were nonresidents of the state, but had established a business in the state and managed it by resident agents, having money in the bank, and debts due it here accumulated from the business. The court held the property taxable here; and after pointing out that the court had previously determined that the property of a nonresident temporarily in the state does not acquire a situs here, but is taxable at the domicile of the owner, the court said: "But this court has never held that when a nonresident of this state establishes a business in this state, from which money is derived, and other property is accumulated, such property should be relieved from taxation. In our opinion the accumulations from the business of appellee are not temporarily in this state, in the meaning of the decisions referred to. In this case we have a nonresident with an established business, agents residing here who manage it, and an income of over $40,000 annually. Its business received the same protection as the business of the citizens under the laws of the state, and should be compelled to share equally the burden. The obligation to pay taxes on property for the support of the government

arises from the fact that it is under the protection of the government. Persons should not be permitted to avail themselves of the benefit of the laws of the state in the conduct of their business, within its limits, and then escape their due contribution to the public needs.''

This opinion followed the case of New Orleans v. Stempel, 175 U. S. 309, 20 Sup. Ct. 110, 44 L. Ed. 174, Louisville Ferry Co. v. Kentucky, 188 U. S. 385, 23 Sup. Ct. 463, 47 L. Ed. 513, and Board of Assessors v. Comptor National, 191 U. S. 388, 24 Sup. Ct. 109, 48 L. Ed. 232. Following these opinions this court, in Higgins v. Commonwealth, 126 Ky. 211, 103 S. W. 306, 31 Ky. Law Rep. 653, where the question was presented whether notes and other securities belonging to a nonresident of this state, but in the hands of a resident fiduciary for the purpose of controlling and investing them, were taxable at his place of residence in Kentucky, held them taxable, and among other things said: ''There is, of course, a marked distinction between what is known as corporal personal property, such as live stock, lumber, or other material, and intangible personal property, like notes, bonds, and other securities; and it is generally recognized that tangible personal property has an actual situs at the place where it is located without respect to the domicile of the owner, whereas the situs of intangible personal property for purposes of taxation depends altogether on legislative enactment, or judicial construction. It does not always follow the beneficial owner; but may be taxed at the place where the person resides who has the control and management of the securities, who lends out the money, collects the interest, and exercises other acts of ownership and control over it, and where it may

be said to be permanently located as much so as if the actual owner resided where it was. For many purposes the domicile of the owner is deemed the situs of his personal property, but this is only a fiction from motives of convenience, and is not of universal application, but yields to the actual situs of the property when justice requires that it should, and is not allowed to be a controlling feature in matters of taxation."

Since these cases were decided the question was again before the United States Supreme Court in Metropolitan Life Insurance Company v. New Orleans, 205 U. S. 395, 27 Sup. Ct. 499, 51 L. Ed. 853. In that case the insurance company was in the business of lending money in Louisiana, and employed a local agent to conduct the business. To escape taxation, it removed from the state the notes taken for the money and had them sent to the home office in New York. The Supreme Court held that the money was taxable in Louisiana, and not in New York. After referring to its previous decisions, the court said: "In this case, the controlling consideration was the presence in the state of the capital employed in the business of lending money, and the fact that the notes were not continuously present was regarded as immaterial. It is impossible to distinguish the case now before us from the Bristol Case (177 U. S. 133, 20 Sup. Ct. 585, 44 L. Ed. 701). Here the loans were negotiated, the notes signed, the security taken, the interest collected, and the debts paid within the state. The notes and securities were in Louisiana whenever the business exigencies required them to be there. Their removal with the intent that they shall return whenever needed, their long continued, though not permanent, absence, cannot have the effect of re-

leasing them as the representatives of investments in business in the state from its taxing power. The law may well regard the place of their origin to which they intend to return as their true home, and leave out of account temporary absences, however long continued. Moreover, neither the fiction that personal property follows the domicile. of its owner, nor the doctrine that credits evidenced by bonds or notes may have the situs of the latter, can be allowed to obscure the truth.''

The question was again before the United States Supreme Court in Buck v. Beach, 206 U. S. 392, 27 Sup. Ct. 712, 51 L. Ed. 1106. In that case a resident of Ohio sent his notes to a resident of Indiana to hold for him with the view of escaping taxation in Ohio. The man in Indiana simply had possession of the notes with no power to do anything but hold them for the owner. The question presented was: Was the money represented by the notes taxable in Indiana? The court held that they could not be taxed in Indiana. It said: ''But an attempt to escape taxation in Ohio does not confer jurisdiction to tax property asserted to be in Indiana, which really lies outside and beyond the jurisdiction of that state. Jurisdic- tion of the state of Indiana to tax is not conferred or strengthened by reason of the motive which may have prompted the decedent to send into the state of Indiana these evidences of debt owing to him by res- idents of Ohio. The question still remains: Was there any property within the jurisdiction of the state of Indiana, so as to permit that state to tax it, simply because of the presence of the Ohio notes in that state? It was not the value of the paper as a tangible thing, on which these promises to pay the debts ex-

isting in Ohio were written, that was taxed by that
state. The property really taxed was the debt itself,
as each separate note was taxed at the full amount of
the debt named therein or due thereon. And juris-
diction over these debts for the purpose of taxation
was asserted and exercised solely by reason of the
physical presence in Indiana of the notes themselves,
although they were only written evidence of the ex-
istence of the debts which were in fact thereby
taxed."

The question in this case is not therefore whether
the property in question has been taxed in Cuba or
Porto Rico. The question is simply, Is it taxable
here? If it has not been taxed there, it may still be
taxed perhaps. If not, that fact will not confer jur-
isdiction to tax it here. In People v. Barker, 155 N.
Y. 665, 49 N. E. 1103, and Id., 23 App. Div. 524, 48
N. Y. Supp. 555, the Court of Appeals of New York
reached the same conclusion as was announced by this
court in the Dun Case on practically similar facts.
Other similar decisions are referred to in the cases
cited. The business of the corporation was carried
on entirely outside of Kentucky. Its property, though
intangible, had no situs in Kentucky. It was never
here. It was taxable where the business was carried
on. If it could be taxed there and elsewhere, it would
be twice taxed. It cannot be taxed here unless within
the jurisdiction of the state under the repeated de-
cisions of the United States Supreme Court. No
practical distinction can be drawn between the money
of the company in its office in Cuba or that deposited
in a bank there, or that due on its books for its prod-
uct which has been sold and not paid for. It is all
employed in the business in Cuba or Porto Rico. It
has its situs there. It has no situs in Kentucky.

Judgment affirmed.

NUNN, O'REAR, AND CARROLL, JJ. We concur in this opinion in so far as it applies to the tangible property situated in foreign countries named belonging to the corporation, but dissent in so far as it relieves it from taxation upon its intangible property. It should be taxed at the residence of the owner.